Dear Senator Curls:
This opinion is in response to your questions asking:
 Does the Department of Mental Health have the authority to contract for the operation of a residential facility for the mentally ill with a private not-for-profit entity?
 If the answer to the above question is yes, is there any impact if the facility was built with state revenue bond money?
 What is the effect of Article III, Section 38(a) on any power the Department of Mental Health may have to contract such operations?
The information you provided indicates your question relates to the Department of Mental Health contracting out the operation of a state-owned facility.
Article IV, Section 37(a) of the Missouri Constitution (as adopted 1972), provides that the Missouri Department of Mental Health:
 . . . shall provide treatment, care, education and training for persons suffering from mental illness or retardation, shall have administrative control of the state hospitals and other institutions and centers established for these purposes and shall administer such other programs as provided by law. (Emphasis added.)
The Department of Mental Health is comprised of several divisions. The Division of Comprehensive Psychiatric Services is responsible for the delivery of services by the Department to persons afflicted with mental illness. Section 632.010, RSMo 1986, specifically provides in part:
 [t]he division shall have and exercise supervision of division residential facilities, day programs and other specialized services operated by the department and oversight over facilities, programs and services funded or licensed by the department.
The Department of Mental Health may purchase services for its clients. Section 630.405, et seq. RSMo 1986. The procedure for purchasing such services must comply with rules of the Commissioner of Administration establishing procedures consistent with the usual state purchasing procedures under Chapter 34, RSMo. In addition, certain provisions in Chapter 632, RSMo 1986, such as Section 632.025, authorize contracting for services. However, none of these sections authorize a contract such as that which is the subject of your question.
There is no statutory provision authorizing the contracting out of the operation of a state-owned residential facility to a private not-for-profit entity. Given the constitutional mandate of Article IV, Section 37(a) of the Missouri Constitution for administrative control by the Department and the statutory responsibility imposed by Section 632.010 on the Division of Comprehensive Psychiatric Services to have supervision of state-owned facilities, we conclude the Department may not contract out the operation to a private not-for-profit entity.
See also Missouri Attorney General Opinion No. 93-83, a copy of which is enclosed, wherein this office concluded the Department of Corrections and Human Resources may not contract out the operation of adult correctional facilities to private entities except for the operation of halfway houses.
Since our answer to your first question is no, it is not necessary to address your second and third questions.
CONCLUSION
It is the opinion of this office that the Department of Mental Health may not contract out the operation of a state-owned residential facility for the mentally ill to a private not-for-profit entity.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure:
Attorney General Opinion No. 93-83